IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES HENRY FAIR                                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 1:14-CV-213-SA-DAS

HINDS COUNTY ECONOMIC ASSISTANCE,
ROSIE PATTERSON,
SHELIA PATTERSON, and
STEPHEN GAVIN                                                              DEFENDANTS

ORDER

Presently before the Court is Defendant Stephen Gavin's Motion to Dismiss pursuant to

Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), and 28 U.S.C. Section

1915(e)(2)(B). Gavin filed the motion in late July. Proceeding *pro se*, Plaintiff James Fair has not

responded, and thus the motion is ripe for consideration. The Court has reviewed the motion,

rules, and pertinent authorities, and finds as follows:

*Factual and Procedural Background*

This case arises out of a dispute over federal benefits under the Supplemental Nutrition

Assistance Program ("SNAP"). Fair successfully applied for and received SNAP benefits in

2006 and in 2007. But, according to a letter from the Mississippi Department of Human Services

("MDHS"), the state agency administering SNAP, it discovered that Fair's benefits had been

improperly calculated, and that he had been overpaid. MDHS sought to recover the excess sums

from Fair through a series of notices, and eventually referred the case to the United States

Treasury Department. The Treasury Department began deducting amounts from Fair's social

security benefits in order to recover the alleged overpayments.

Gavin, acting as constituent caseworker for United States Congressman Bennie

Thompson, contacted the MDHS on Fair's behalf and requested a closer examination of Fair's

case. MDHS responded by letter to Gavin, informing him of the basis for its finding of overpayments, and declining to change its position.

Fair then initiated this suit to recover, among other things, the $3,276 that he alleges was improperly categorized as overpayment. Fair claims that MDHS's finding was based on incorrect information and identity fraud. His only allegation against Gavin is that "Stephen Gavin released unauthorized information to Hinds County Economic Assistance without recipient written consent."[1]

The action was commenced in November 2014, and the Amended Complaint [12] was filed on March 23, 2015. The docket reflects that on May 1, 2015, copies of the summons and complaint were personally delivered to Gavin at Congressman Thompson's office in Jackson, Mississippi. Then in July, Gavin filed the pending Motion to Dismiss [27], raising issues relating to subject-matter jurisdiction and personal jurisdiction, and contesting the sufficiency of Fair's amended complaint. Fair failed to respond to the motion.

*Discussion and Analysis*

Initially, the Court must decide which issue to address first. As a matter of jurisdictional sequencing, where the issue of subject-matter jurisdiction involves "no arduous inquiry[,]" the Court should "dispose of that issue first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999). Yet, where the "alleged defect in subject-matter jurisdiction raises a difficult and novel question," and the issue of personal jurisdiction is "straightforward[,]" the Court may "turn[] directly to personal jurisdiction." *Id.* at 578, 119 S. Ct. 1563; *see also Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) ("[A] federal court has leeway to choose among

---

[1] In the next sentence of his complaint, Fair appears to admit that he actually did provide written consent by stating: "The release of information occurred after signing release on February 11, 2013." Gavin attached to his motion a form, signed by Fair on that date, authorizing Congressman Thompson's office to release private information.

threshold grounds for denying audience to a case on the merits.") (internal quotation and citation omitted).

Gavin challenges the Court's subject matter jurisdiction by raising standing and sovereign immunity. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (explaining that constitutional standing requirements are limitations on the Court's subject matter jurisdiction); *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). His attack on personal jurisdiction rests in his Rule 12(b)(5) challenge to the method in which he was served. FED. R. CIV. P. 4(k)(1) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant[.]"); *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, L. Ed. 2d 415 (1987)) ("It is a fundamental rule of civil procedure that '[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'").

To adequately address subject-matter issues of standing and immunity, the Court would have to determine whether or not Gavin has been sued in his individual capacity for damages, an issue not briefed by either party. This question would prove difficult. Plaintiff has not specified Gavin's capacity in any of his pleadings, making it necessary to examine "[t]he course of proceedings" to determine whether Gavin is sued in his individual capacity, official capacity, or both. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *McKenzie v. City of Columbia*, 66 F.3d 322, 1995 WL 534889, at *4 (5th Cir. 1995) (unpublished table opinion); *Adams v. May*, 903 F. Supp. 2d 433, 440 (S.D. Miss. 2012); *Forside v. Miss. State Univ.*, No. 1:01-CV-438-GHD, 2002 WL 31992181, at *5 n.2 (N.D. Miss. Dec. 30,

2002). To assess the "course of proceedings," the Court would consider "several factors including contentions made in the parties' briefs, the substance of the complaint, and the nature of the relief . . . plaintiff seeks." *McPhail v. City of Jackson*, No. 3:13-CV-146-HSO, 2014 WL 2819026, at *4 (S.D. Miss. 2014) (citing *Senu-Oke v. Jackson State Univ.*, 521 F. Supp. 2d 551, 557 (S.D. Miss. 2007), *aff'd*, 283 F. App'x 236 (5th Cir. 2008)).

Given the case-specific nature of the "course-of-proceedings" inquiry, and the absence of briefing by either party, the Court turns instead to the "straightforward" challenge for insufficiency of service. *Ruhrgas AG*, 526 U.S. at 578, 119 S. Ct. 1563; *Ballew v. Roundpoint Mortg. Serv. Corp.*, 491 F. App'x 25, 26 (11th Cir. 2012) (affirming district court's decision to dismiss for insufficient service without considering its subject-matter jurisdiction).

As noted above, the docket reflects that Gavin was personally served with a copy of the summons and the complaint on May 1, 2015 in Jackson, Mississippi. However, more is required when, as here, a United States employee such as Gavin is sued "only in an official capacity" or "in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . ." FED. R. CIV. P. 4(i)(2), (3). Fair was required to deliver a copy of the summons and complaint to Gavin,[2] the United States Attorney General, *and* the United States Attorney for the Northern District of Mississippi. FED. R. CIV. P. 4(i). There is no record of the Attorney General or the local United States Attorney ever having received service. Thus, Gavin has not been made a party subject to the Court's jurisdiction. *See* FED. R. CIV. P. 4(k); *Maiz*, 311 F.3d at 340. Rule 4's 120-day prescribed time period for service has elapsed. FED. R. CIV. P. 4(m).[3]

---

[2] If Gavin is sued "only in an official capacity," Fair should send the copies to Gavin by "registered or certified mail . . . ." FED. R. CIV. P. 4(i)(2). If Gavin is sued in an individual capacity, Fair has already effectively served Gavin personally by having the complaint and summons delivered to him. FED. R. CIV. P. 4(i)(3).

[3] Effective December 1, 2015, the 120-day window for service has been shortened to 90 days.

Generally speaking, "[w]hen a plaintiff has failed to effect service within the time required under Federal Rule of Civil Procedure 4(m), the district court may . . . direct that service be effected within a specified period of time." *Smart v. Applied Materials, Inc.*, 2001 WL 872753, at *2, 265 F.3d 1058 (5th Cir. 2001) (unpublished table opinion) (citing FED. R. CIV. P. 4(m); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). Additionally, when the plaintiff "fails to serve the United States under Rule 4(i)(3)" but "has served the United States . . . employee[,]" the Court "*must* allow . . . a reasonable time to cure [the] failure . . . ." Fed. R. Civ. P. 4(i)(4) (emphasis added).

Therefore, the Court will allow Fair an additional twenty-one days to serve Gavin by following the procedure set forth in Federal Rule of Civil Procedure 4(i). Failure to comply will result in dismissal of any claims against Gavin without prejudice in accordance with Rule 4(m).

*Conclusion*

Gavin's Motion to Dismiss [27] is GRANTED IN PART. Fair has failed to comply with Rule 4(i) in serving Gavin, and he will have until January 25, 2016 to do so. If Fair does not remedy the defect within that time period, the Court will dismiss the action as to Gavin without prejudice.

Should Fair properly effect service, Gavin may re-urge, by motion, his arguments relating to the Court's subject-matter jurisdiction and the merits of Fair's claims.

IT IS SO ORDERED, this the 4th day of January, 2016.


**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**