IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES HENRY FAIR                                                          PLAINTIFF

V.                                                       CIVIL ACTION NO.1:14CV213-SA-DAS

HINDS COUNTY ECONOMIC ASSISTANCE,
ROSIE PATTERSON, SHELIA PATTERSON,
STEPHEN GAVIN, CATHY SYKES, DAVID NOBLE,
ROBIN SMITH, SHELDON HARMON, DANNY EVANS,
MAXINE MALLETT, FREDRICK WARD,
JAMES NMI GRIFFIN, DEPARTMENT OF HUMAN SERVICES,
and ATTALA COUNTY ECONOMIC ASSISTANCE            DEFENDANTS

## ORDER DIRECTING PLAINTIFF TO SERVE PROCESS

The plaintiff, proceeding *pro se*, filed his original complaint on November 19, 2014. He sought leave to proceed *in forma pauperis* and the undersigned recommended that the plaintiff not be granted leave to proceed without paying court costs. While this report and recommendation was pending, the plaintiff on December 30, 2014, paid the filing fees.

On February 23, 2015, the Clerk's Office filed its Notice of Incomplete Process. On March 4, 2015, the Clerk's Office, at the plaintiff's request, issued process on the Department of Human Services, the Attala County Economic Assistance, and the Hinds County Economic Assistance. On March 23, 2015 the plaintiff filed an amended complaint, and the Clerk's Office issued process on eleven defendants. On April 16, 2015, the plaintiff filed a document titled "Amendment Improved Complaint." Pursuant to that amendment, the Clerk's Office corrected the names of two defendants and issued process again, this time on fourteen defendants. On May 5, 2015, the plaintiff filed the only returns for service of process found in the docket. The returns purported to show service of process on Stephen Gavin, the Hinds Economic Assistance,

and Cathy Sykes. The court dismissed Stephen Gavin based on insufficiency of service of process. According to the returns, the plaintiff has failed to perfect process as to the Hinds Economic Assistance and as to Cathy Sikes. The return of process shows that Cathy Sikes was not personally served with process. This is not effective service of process. The other return claims to have served the Hinds Economic Assistance by serving Sikes. Even if Sikes is an agent who can accept process on the Hinds Economic Assistance, because there is no service of process on Sikes, there is no effective service of process against the Hinds defendant. **[Further, as a state governmental entity, Hinds County Economic Assistance must be served by either (A) service of its chief executive officer, or (B) service of the Mississippi Attorney General. FED. R. CIV. P. 4(j)(2); MISS. R. CIV. P. 4(d)(5).]** On May 26, 2015, the plaintiff filed requests for waiver of service for the Mississippi Department of Human Services Attala County, Sheldon Harmon Attala County DHS; MS Department of Human Services Hinds County; Cathy Sykes Hinds County DHS; David Noble Hinds County DHS; Fredrick Ward Hinds County DHS; James Griffin Hinds County DHS; and Rosie Patterson. None of these defendants have opted to waive service of process.

The plaintiff has also created confusion on the docket of the court by filing multiple "complaints." On June 24, 2015, the plaintiff filed another apparent amendment/supplement to his complaint. Faced with three complaints, the court, on June 26, 2015, entered an order requiring the plaintiff to provide a more definite statement. With this order the court attempted to advise the plaintiff to provide a factual basis for his complaint; the basis upon which he claimed this court had jurisdiction; and ordered the plaintiff to provide a proper style for the case, designating those individuals he wished to be included as defendants. The Clerk's Office,

instead of receiving an amended complaint, received a document which the plaintiff called "Order Required a More Definite Statement." It was filed as a response to the court's order. Since that filing, the plaintiff has submitted multiple other documents to the Clerk's Office to correct or supplement that pleading. Others were mailed to the Clerk's Office, only to be telephonically recalled by the plaintiff. The plaintiff also sent the court, via certified mail, his instructions as to which of these documents should be filed.

While the court appreciates that the plaintiff is a *pro se* litigant, he is still responsible for knowing and complying with the rules of the court, starting with the fact that any request for the court to do anything in connection with this case must be in the form of a motion. In order to preserve the record, the plaintiff's correspondence to the court and the pleadings received after the initial response to the order requiring a more definite statement, are attached hereto, in chronological order as Exhibit A. But because of the plaintiff's failure to comply with the rules of the court and his failure to comply with the order requiring a more definite statement, the court still is looking at multiple submissions.

On January 4, 2016, the court granted in part the motion of Steven Gavin to be dismissed, finding that service of process was insufficient, but provided the plaintiff with additional time and instruction on how to complete service of process as to that defendant. When the plaintiff again failed to perfect service of process on this defendant, the court dismissed Gavin from this action without prejudice.

Rule 4(m) of the Federal Rules of Civil Procedure, as effective at the filing of the complaint, provided that a defendant must be dismissed unless served within 120 days of the filing of the complaint. The time limit for service of process can be extended on a showing of

good cause, but the plaintiff has never requested an extension of time. More than one year after he filed the original complaint, the plaintiff has not completed service of process on any defendant in this action. The court is still unable to ascertain which document or documents the plaintiff intends to use as his complaint in this action.

The plaintiff shall complete service of process on the remaining defendants in this action (excluding Stephen Gavin) within forty-five days of this order. The plaintiff may file an amended complaint as to all claims to be made as to all defendants within fourteen days of this order.[1] If he files an amended complaint it will replace all prior filings. He is required to attach a copy of all documents served on each defendant on that defendant's return of service of process.

Additionally, once a defendant has been served with process, subsequent filings by the plaintiff must be served by him on any such parties or their attorney. Everything filed must not only be served on the parties, but must include a certificate of service as required by the Federal Rules of Civil Procedure. If a party is represented by an attorney, the attorney must be served with a copy of the document. If a party is not represented by an attorney, the plaintiff shall mail, or otherwise, provide a copy of the filing to each defendant.

SO ORDERED this the 18th day of February, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] Because of the order or dismissal as to Steven Gavin, the plaintiff may not include Gavin in any amendment pursuant to this order.

4