UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES HENRY FAIR                                                                                        PLAINTIFF

VS.                                               CIVIL ACTION NO. 1:14-CV-213-SA-DAS

HINDS COUNTY ECONOMIC ASSISTANCE, et al.                           DEFENDANTS

ORDER

James Henry Fair, proceeding *pro se*, commenced this action on November 19, 2014 and filed his Amended Complaint [12] on March 23, 2015. The case concerns a dispute over federal benefits under the Supplemental Nutrition Assistance Program ("SNAP"). Particularly, Fair sued Hinds County Economic Assistance, Attala County Economic Assistance, and twelve individuals, and sought to recover damages in connection with a reduction of his SNAP benefits.

This Court entered several Orders in the case and ultimately, on June 24, 2016, entered an Order [41] dismissing Fair's claims *without prejudice* for insufficient service of process and closing the case. Fair then filed a Motion for Reconsideration [42], which the Court denied on July 29, 2016. *See* [46]. Fair also filed a Notice of Appeal [44]; however, the Fifth Circuit later dismissed the appeal for want of prosecution on November 3, 2016. *See* [48].

Now before the Court is another Motion [49] filed by Fair on August 9, 2021. Although not specifically styled as such, the Motion [49] appears to be a request for reconsideration of the Court's dismissal of his case.

"Generally, if a motion for reconsideration is 'filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.'" *Harris v. Miss.*, 2017 WL 8793475, at *1 (N.D. Miss. Mar. 8, 2017) (quoting *Demahy v. Schwarz Pharma., Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir.

2012)). The present Motion [49] was filed well beyond the twenty-eight day deadline, and the Court will therefore treat is as a request for relief under Rule 60. Rule 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"Importantly, a motion for reconsideration is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction or to give the movant a second bite at the apple on the same issues that were previously addressed by the parties and this Court." *MGM Well Servs., Inc. v. Mega Life Sys., LLC*, 2007 WL 861098, at *2 (S.D. Tex. Mar. 19, 2007) (quoting *Alvarado v. Tex. Rangers*, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005)) (quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id*. (quoting *Templet v. Hydrochem., Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)).

2

In his current filing, Fair states as follows:

> Reason asking for a hearing or conference is because I did not get a notice of a court date and misleading the process service of the summons disregarded in the event of a hearing or conference before the court, you will be provided with notice well in advance of this date.

[49] at p. 2.

He also makes allegations that Clerks Office staff and other court personnel misled him "by sending misleading proof of service form with a copy of the summons." *Id*. at p. 4. He additionally makes contentions that the Court failed to explain to him the appropriate way to serve the Defendants with process. He then states that "my belief is the court collaborated with the authority knowing the whole truth that the Department of Human Services Economic Assistance had a malfeasance probelm [sic]." *Id*. at p. 7. In the Brief [50] filed simultaneously with his Motion [49], Fair makes allegations regarding the underlying facts of his case—particularly, he asserts that the Defendants engaged in wrongful conduct dating back to 2004. *See* [50] at p. 2-3.

As to the service of process issue, the Court notes that Fair was given substantial leniency. He filed his Amended Complaint [12] on March 23, 2015. One of the Defendants was dismissed on January 4, 2016, and the remaining Defendants were dismissed on June 20, 2016. *See* [29, 41]. In the interim, the Court granted Fair an extension of time to serve process so that he could speak with legal counsel. *See* [38]. Ultimately, however, he failed to complete service of process, and the case was dismissed. But the dismissal did not occur until June 2016—approximately eighteen months after he initiated the action.

As to the allegations related to the underlying facts of his case, Fair appears to simply re-state the facts support his claim. While some of the allegations contained in the filing concern facts that occurred since the dismissal, Fair does not explain why reconsideration is appropriate.

3

As noted above, a motion for reconsideration is not the appropriate vehicle to re-litigate matters that could have been resolved originally. *See MGM Well Servs.*, 2007 WL 861098 at *2. Fair has not shown that the circumstances of this case are such that the extraordinary remedy of reconsideration should be utilized. He is not entitled to reconsideration of the Court's dismissal of his case. The Motion [49] is DENIED.

SO ORDERED this the 24th day of November, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE